261 So.2d 904

**LAIR DISTRIBUTING COMPANY**

v.

**Eugene CRUMP.**

**8 Div. 65.**

Court of Civil Appeals of Alabama.

May 1, 1972.

Keller & Hill, Florence, for appellant.

Harold V. Hughston, Tuscumbia, for appellee.

THAGARD, Presiding Judge.

This is a suit seeking damages of $382.36 for materials and labor furnished by appellant, Lair Distributing Co., Inc., to appellee, Eugene Crump. Appellant sued on the common counts. The cause was tried by the court *ore tenus*, without a jury. The trial court rendered judgment for defendant, from which timely appeal was taken.

According to the testimony, in September of 1968, appellee purchased from appellant a TV antenna and tower for an agreed price of $900.00 payable in consecutive monthly installments of $7.50 for ten years. To secure the payments appellee executed a conditional sales contract. The contract provided, among other things, that title remain in appellant until the purchase price was paid in full and that appellee would not move the tower and antenna from appellee's premises until the full purchase price was paid, except with the written consent of appellant.

There was no provision in the sales contract for maintenance or repairs, or for the carrying of insurance by either party. However, both appellant and appellee testified that appellant verbally agreed to maintain the system during the ten year term of the written contract. Appellant testified that he verablly agreed that in the event there was damage to the system by external forces he would pay $50.00 on the deductible portion of appellee's insurance. Appellee denied that there was any refer-

**74**

ence to insurance or a deductible during the negotiations.

In June 1969, the system was struck and so badly damaged by lightning that the entire antenna system had to be replaced. Appellee's wife telephoned appellant that the damage had occurred and requested that he make the necessary repairs immediately. Appellee does not deny that the repairs were made promptly.

It appears that the case was tried on the issue of whether the loss caused by the lightning stroke should fall upon the seller or the buyer. Appellee contends that (1) the promise by the seller to "maintain" the system for the ten year life of the contract included an implied promise to replace the system if that became necessary from any cause whatsoever, and (2) that neither the title nor the possession passed to the buyer, because (a) the seller reserved title under the terms of the conditional sales contract, and (b) the seller retained possession by denying the buyer the right to move the system from his own premises until the same was paid for.

Appellant contends that the question is one of law and points out that the instrument securing the sale price was dated September 13, 1968, wherefore the transaction was subject to the provisions of the Uniform Commercial Code, Tit. 7A, Code of Alabama (Recompiled 1958), which became effective midnight December 31, 1966. Section 2–509(3) of the Uniform Commercial Code, supra, reads as follows:

"(3) In any case not within subsection (1) or (2), the risk of loss passes to the buyer *on his receipt* of the goods if the seller is a merchant; otherwise the risk passes to the buyer on tender of delivery." (Emphasis supplied.)

■ We do not think there is any merit in appellee's contention that he was not in possession because he was prohibited from moving the system from his own premises. The system was installed by appellant on the premises of appellee and appellee had the uninterrupted use thereof until the lightning struck. Furthermore, appellant had no right to remove the system from appellee's premises so long as appellee did not become delinquent in his payments, so, according to appellee's reasoning, neither was appellant in possession of the system. We hold that under the undisputed testimony appellee "received" the system on or about September 13, 1968, and continued in possession until the damage was repaired by appellant, and, for all we know, may still be in possession.

■ The only conflict in the testimony of appellant and appellee was whether or not the question of insurance was discussed during the negotiations and whether or not appellant limited his promise to "maintain" the system to ordinary malfunctions resulting from wear and tear and expressly excluded damage from lightning and windstorms. Appellant testified "Yes" and appellee testified "No." We think the conflict is immaterial. The appellee did not testify that appellant agreed to replace the system if it was destroyed by the elements but only that he agreed to "maintain." The intent of the parties is the decisive question. We cannot believe that appellant intended the word "maintain" to mean "replace" and we doubt that appellee so construed the promise.

There having been no material conflict in the testimony, there was no fact for the trial court to "find" but only a conclusion of law to arrive at. We are clear to the conclusion that the provision of the Uniform Commercial Code hereinabove quoted is the law applicable to this case and that the trial court erred in giving judgment for the defendant.

Reversed and remanded.